UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| DOROTHY M. BAPTISTE, | ) Bankruptcy No. 09 B 07338 |
| Debtor. | ) |
| ALLIANT CREDIT UNION, | ) |
| Plaintiff, | ) |
| v. | ) Adversary No. 09 A 00707 |
| DOROTHY M. BAPTISTE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION ON
## DEBTOR'S MOTION FOR FEES UNDER § 523(d)

Following trial of Plaintiff's action to bar dischargebility of Debtor's obligation to Plaintiff under 11 U.S.C. § 523(a)(2), judgment was entered for Defendant on June 14, 2010 (Docket No. 63) pursuant to Findings of Fact and Conclusions of Law of that same date (Docket No. 61).

Defendant as prevailing party has now moved for an award of attorney's fees and expenses under 11 U.S.C. § 523(d), which provides:

> (d)     If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

It is not controverted that the debt in issue is a consumer debt and that the Creditor/Plaintiff lost in its attempt to bar dischargeability.

Two issues are disputed in the briefs: whether the debt must be discharged before the motion for fees may even be considered and whether creditor's position was substantially justified.

1

Section 523(d) provides the possibility of judgment for fees and costs if the consumer debt in issue "is discharged." Since the underlying bankruptcy case is under Chapter 13 of the Code, Debtor will need some years to complete payments and then obtain her discharge. There is no ambiguity about the requirement that the debt must be discharged before the remedies of § 523(d) can be obtained. Counsel for Plaintiff Alliant argues that this means that the issue under § 523(d) cannot even be considered until discharge is entered while Debtor's counsel makes strong policy arguments in favor of immediate award.

As to the policy arguments made by Debtor, they must be addressed to Congress since the statutory provision has such plain, clear, and explicit meaning.

However, the statutory requirement that "such debt is discharged" is a bar to recovery under § 523(d) until the debt is discharged, not deprivation of jurisdiction to consider whether that recovery should be allowed conditional upon the discharge, with any judgment under § 523(d) stayed until discharge and judgment vacated if there is no discharge.

Therefore, the issue may now be addressed as to whether Debtor's motion should be allowed conditional upon entry of the discharge sometime in the future.

The issue on the merits is whether the creditor was "substantially justified" pursuing its claim. The standard for substantial justification is whether a position has "a reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). That standard applies under § 523(d). In re Hunt, 238 F.3d 1098, 1103 (9th Cir. 2001).

In this case, Defendant signed an agreement to be liable for the debt on the car she tried to buy for her daughter to own and drive. She did not read the agreement before she signed it, but was bound by the agreement anyway. Under circumstances set forth in the Findings of Fact and

2

Conclusions of Law, she was able to defend herself by showing that no fraud was intended when she allowed her daughter to drive the vehicle despite her contractual obligations (in classic small but enforceable print) that she would not allow anyone else use of the car. The knowing acceptance of many payments from the daughter was found to amount to waiver of creditor's right to enforce that provision and she thereby won the Adversary proceeding.

Debtor's Motion before trial for Summary Judgment was denied because triable issues of fact were demonstrated. The Creditor/Plaintiff was entitled to pursue its case based on Debtor's contractual obligations, and was reasonably justified in taking the case to trial to see whether Debtor's testimony was credible and her attempt to obtain a favorable judgment against great odds could be defeated.

Of course, there are pragmatic and economic reasons for cases of this sort to be settled rather than go to trial. They are costly for the creditors to try, and difficult for the debtor who must either try the case pro se or obtain counsel who will usually not be paid except contingently through recovery under § 523(d). It can be said that a creditor giving an auto loan who knowingly accepts money from someone other than the debtor and wants to enforce contractual terms barring use of the vehicle by another person may be unwise to risk trial rather than negotiate a settlement. But being unwise and stubborn in asserting contractual rights cannot be said to be unjustified. That is the case here, and therefore the motion is denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 24 day of September 2010.

3